IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RANDY LEE COPELAND                                                        PETITIONER
ADC #134820
v.                          Case No. 5:17-cv-00312 JLH-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Introduction

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Randy Lee Copeland. (Doc. No. 1) Petitioner is serving 240 months in the Arkansas Department of Correction after a Garland County Circuit Court jury convicted him of robbery and third degree battery. The conviction derives from allegations that Copeland and his cousin, Robert Burrell, attacked Copeland's ex-girlfriend and her friend, Regina Warren, and stole a diamond ring. On direct appeal, Copeland argued the trial court abused its discretion in not granting him longer than an overnight continuance to prepare to cross-examine the accomplice, his cousin. The Arkansas Court of Appeals affirmed the conviction in February 2017, finding Copeland failed to demonstrate prejudice resulting from the trial court's ruling. *Copeland v. State*, 2017 Ark. App. 104 (2017). The Arkansas Supreme Court denied Copeland's petition for review on April 6, 2017. Petitioner did not seek post-conviction relief.

In his current petition before the Court, filed November 22, 2017, Petitioner raises four

claims for review, namely (1) a denial of a continuance; (2) cumulative error; (3) a *Brady* violation; and (4) ineffective assistance of counsel.

Respondent filed a Response on March 13, 2018, (Doc. No. 8), and she admits Petitioner is in her custody but denies he is entitled to any habeas relief. At the outset, Respondent notes Copeland's habeas petition is neither signed nor verified and submits that Copeland should be made to comply. Respondent further asserts that the claims are defaulted.

For the reasons that follow, the undersigned recommends that the petition be denied and dismissed with prejudice.

## II. Unverified Petition

Both federal law and § 2254's procedural rules require that a petition be signed under penalty of perjury by a petitioner or, at a minimum, someone acting in his behalf. 28 U.S.C. § 2242; Rule 2(c) of the RULES GOVERNING SECTION 2254 CASES IN THE DISTRICT COURTS (Habeas Rules). In the event the petitioner fails to comply with this requirement, a court may dismiss the petition. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (a court may dismiss an unsigned and unverified petition).

The instant petition was not signed, verified, or dated. Generally, the Clerk will send a deficiency letter to address such issues. It does not appear that a letter was sent in this instance. These circumstances could arguably justify a dismissal of the petition without prejudice; yet, given the history of this case, the amount of time that has passed since the petition was filed, and Copeland's pro se status, dismissing the petition or returning it pursuant to Rule 2 of the Habeas Rules is neither called for nor justified. The defects noted appear to be an oversight and do not

deprive this Court of jurisdiction. *Hendricks*, 908 F.2d at 491. Copeland submitted a typed habeas petition that he took the time to edit by hand before filing. They are thus defects that the Court, if it sees fit, may disregard. *Id.*; *Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir. 1996).

### III. Standard of Review

Federal habeas relief may not be granted on any claim addressed on the merits by a state court, unless the petitioner can establish the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2). "A state-court decision is 'unreasonable' within the meaning of § 2254(d) only when it is 'so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Daniels v. Kelley*, 881 F.3d 607, 611 (8th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011). It is not necessary for the court to cite to any particular United States Supreme Court case "so long as neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Early v. Packer*, 537 U.S. 3 (2002) (per curiam).

Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.), *cert. denied*, 517 U.S. 1215 (1996). The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), *cert denied*, 490 U.S. 1114 (1989), and

presenting them in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars review of the claim, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[C]ause requires a showing of some external impediment preventing counsel from constructing or raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991), quoting *Murray v. Carrier*, 477 U.S. 478 (1986). "For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented Petitioner from raising the claim." *See id.* A petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

### IV. Discussion

A.  <u>Continuance</u>

Plaintiff contends he asked the trial court, pursuant to Ark. R. Crim. P. 27.3, for a brief continuance to allow his trial counsel to prepare for the surprise testimony of his cousin/co-

defendant turned state witness, Robert Burrell. Had the court allowed a continuance for counsel to investigate Burrell's allegations, statements and plea agreement, Copeland states, he would have had a great deal more to submit to the jury. He does not, however, proffer what the "great deal more" would have been. He notes his counsel satisfied the standard set forth in Rule 27.3, and his defense suffered fatal prejudice by counsel's inability to prepare for Burrell's testimony and prepare a theory of defense he could present to the jury.

The Arkansas Court of Appeals affirmed the trial court's denial of a motion for continuance "of at least a week" until the next day because it found no abuse of discretion or any resulting prejudice. The Court reasoned that counsel was aware that Burrell was on the witness list at least two weeks prior to trial and he himself even listed Burrell as a potential witness. Further, the Court noted that counsel was provided Burrell's statement at least a day prior to trial and was permitted to take a recess until the following day to cross-examine Burrell. When asked what defense counsel could accomplish with a longer continuance that could not be accomplished overnight, counsel stated he did not know. Thus, the state appellate court determined there was no abuse of discretion nor resulting prejudice.

A trial court has broad discretion over matters of continuances. *Daniels v. Kelley*, 881 F.3d at 612. The denial of a motion for continuance is fundamentally unfair when it results in a denial of a defendant's constitutional rights. *Wade v. Armontrout*, 798 F.2d 304, 307 (8th Cir. 1986). At the outset, to the extent Petitioner claims, pursuant to Ark. R. Crim. P. 27.3 that he was entitled to a continuance, the claim is non-cognizable in habeas because it is based entirely on alleged error of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("federal habeas corpus

relief does not lie for errors of state law."). Here, the trial court, while denying the request for an extended continuance, gave defense counsel an opportunity to recess overnight, after the benefit of Burrell's direct testimony, to assess that testimony and formulate an appropriate cross-examination. Counsel had the benefit of Burrell's plea statement and cross-examination, and he could not articulate how a longer continuance would have benefitted his client. Thus, Petitioner has not shown that the state court's refusal to grant an extended continuance was so egregious that it was fundamentally unfair; nor has Petitioner shown any resulting prejudice.

B.  Cumulative Error

Copeland admits he never presented this claim to any state court. He claims significant trial error occurred because he did not know how to present them in state court. He does not, however, state what those errors were. "Errors that are not unconstitutional individually cannot be added together to create a constitutional violation." *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (citing *United States v. Stewart*, 20 F.3d 911, 917-18 (8th Cir. 1994)). "Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief. *Id.*

C.  *Brady* violation

Copeland asserts a *Brady v. Maryland*, 373 U.S. 83 (1963) violation. According to Copeland, the state failed to disclose that his cousin/co-defendant Burrell would be a witness for the prosecution. He states the prosecutor intentionally withheld the fact that Burrell had entered into a negotiated plea in exchange for his testimony until it was too late for him to conduct a reasonable investigation and prepare a defense without an appropriate continuance

to do so. Copeland contends that the state's late-hour witness caused a denial of due process and denied him a fair trial, resulting in a reasonable probability that the outcome of his trial could have been different. Copeland did not advance this argument in state court, and the claim is procedurally defaulted.

D.   Ineffective assistance of counsel

Copeland avers he was denied effective assistance of counsel when the trial court denied his counsel a continuance. He states defense counsel had no time to prepare a defense, which was tantamount to the denial of counsel. Copeland also claims his counsel failed to adequately investigate Burrell's negotiated plea deal. He admits he failed to seek Rule 37 relief and that the cause and prejudice exception does not apply. Instead he relies on *Trevino v. Thyler*, 569 U.S. 413 (2013) and *Martinez v. Ryan*, 566 U.S. 1 (2012), to excuse the default. Like the *Brady* claim, this ineffective assistance of counsel claim was not raised in the state court and is procedurally defaulted absent cause and prejudice.

E.   Procedural Default

A petitioner is barred from raising a procedurally defaulted claim as a basis for section 2254 relief unless he can "excuse" the default by (1) demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law or (2) showing that the case falls within the category of cases that the Supreme Court has characterized as fundamental miscarriages of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485-97 (1986).

Under some circumstances, ineffective assistance of post-conviction counsel can provide

cause to excuse procedural default. *See Trevino v. Thyler*, 569 U.S. 413 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012). To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective-assistance-of-counsel claims have "some merit." *Martinez*, 566 U.S. at 14. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 16.

The *Martinez/Trevino* exception does not provide Petitioner any relief here because he admittedly failed to initiate collateral proceedings. Even if Petitioner could establish cause to excuse default, his claim would still fail because he can not demonstrate that his ineffective-assistance-of-counsel claim has any merit. Counsel requested the continuance to prepare for Burrell's testimony, and the Court declined to grant a week-long continuance but granted an overnight extension. It was noted that a week-long extension would have provided counsel no more advantage than the overnight extension did, and it is unclear what else counsel could have done under the circumstances. Finally, *Martinez/Trevino* does not apply to Petitioner's *Brady* or denial of counsel claims. *See Dansby v. Hobbs*, 766 F.3d 809, 832-34 (8th Cir. 2014) (exception does not extend to claims of trial error).

## V. Conclusion

Based on the foregoing, it is recommended that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be dismissed, with prejudice, and that the relief prayed for be denied. It is further recommended that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 15th day of October, 2018.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE